## KINCADE v. PECK.

1. TRIAL—PLEADING—RIGHT TO OPEN AND CLOSE—CIRCUIT COURT RULE.

In a suit upon a promissory note, where defendant's counsel claimed a set-off, but neglected, by notice accompanying his plea, to waive the benefit of the general issue and admit the facts alleged in plaintiff's declaration, in compliance with Circuit Court Rule 24c, he was not entitled to open and close the case.

2. PLEADING—LIMITATION OF ACTIONS.

While the general rule is that, if relied upon, the statute of limitations must be pleaded, yet it has not been applied in such way as to prevent a plaintiff from having the advantage of the statute when a demand sought to be set off by the defendant is barred by the statute.

3. EVIDENCE—BILLS AND NOTES—SET-OFF AND RECOUPMENT.

In a suit upon a note given jointly to husband and wife for money loaned and furnished by them jointly, defendant could not show that the money, as against his creditors, really belonged to the husband alone; and advances to the husband could not be set off against said claim.

4. LIMITATION OF ACTIONS—BILLS AND NOTES—SET-OFF AND RECOUPMENT.

Where defendant loaned plaintiffs money, taking their note for one or five years, which was afterwards destroyed at their solicitation, and parol promise to pay accepted in lieu thereof, and ten years after said note was given defendant borrowed of plaintiffs. $200, and gave the note in suit, defendant's demand against plaintiffs, which matured more than six years before suit was begun, was barred by the statute of limitations.

5. TRIAL—ABSENCE OF COUNSEL—NEW BEGINNING.

Where defendant's counsel was absent from the courtroom when the court was ready to begin the trial, and, after a half hour's delay in an effort to locate counsel, a jury was called and plaintiffs permitted to make their *prima facie* case, after which court adjourned, counsel was not entitled, on the reconvening of court, to make a new be-

ginning and examine the jurors, whether his default was intentional or unintentional.

6. NEW TRIAL—DEFAULT—PREJUDICE.

Any supposed prejudicial consequences of an unintentional default must be presented, after verdict, to the trial court upon motion for new trial.

7. SAME—AFFIDAVITS—CUMULATIVE EVIDENCE—DILIGENCE.

A motion for new trial, based upon affidavits showing cumulative testimony might be produced, without showing due diligence to bring it in upon the first trial, was properly denied.

Error to Wayne; Murphy, J. Submitted June 15, 1916. (Docket No. 8.) Decided September 26, 1916.

Assumpsit in justice's court by Richard J. Kincade and another against Mary J. Peck upon a promissory note. There was judgment for plaintiffs and defendant appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*James H. Pound,* for appellant.

*Frederick E. McCain,* for appellee.

OSTRANDER, J. Plaintiffs filed in justice's court the promissory note given by defendant, dated, as the record is understood, July 24, 1912, and declared upon the common counts in assumpsit. The summons was issued November 6, 1914, returnable November 19, 1914. With the plea of the general issue defendant gave notice that she would prove that the plaintiffs are indebted to her for money lent December 20, 1902, and evidenced by a note payable five years from said date, with interest at 5 per cent. per annum, which interest was paid for the years 1903 and 1904; that thereafter, at different times during the years 1906 to 1912, inclusive, "the said plaintiff borrowed money from defendant, averaging $25 per year," all of which

demands defendant would set off against plaintiffs. Plaintiffs had judgment, defendant appealed, and on September 29, 1915, the appeal came on to be tried. A jury was called, examined by counsel for plaintiffs, counsel for defendant not being present, and sworn. The note was marked and put in evidence, and plaintiff Richard J. Kincade was sworn as a witness, and testified to a computation he had made of the sum due. At 12:20 o'clock p. m. court adjourned until 2 o'clock p. m. Counsel for defendant then appeared and asked leave to examine the jury, which, upon objection by counsel for plaintiffs, was refused. The trial proceeded, and resulted in a verdict for plaintiffs for $240.54, the sum due upon the note. Judgment, a new trial having been refused, was entered on the verdict.

Before the cause was submitted to the jury, it was admitted that plaintiffs were entitled to recover from defendant upon the note in suit $240.54. It was admitted that in the year 1902 plaintiffs jointly made their promissory note, running to defendant, for the sum of $150. It is said in appellant's brief:

"The court will see by an inspection of the record that the only question in this case is: Was the $150 note given by plaintiff to defendant Mary J. Peck ever paid? Plaintiff Richard J. Kincade swears it was. Mrs. Peck, James Kincade, the two daughters, and the witness Charles Millard give testimony to show that it was not."

But, as will at once appear, this is not the only question, nor is it the only one discussed in the brief. Whether the demand evidenced at that time by that note was a subsisting valid demand of defendant against plaintiffs was, it is true, the sole issue of fact submitted to the jury and involved, upon the testimony: (*a*) Whether it fell due one year or five years from its date, December 20, 1902; (*b*) if five years, whether plaintiffs had paid it; the jury being instruct-

193 Mich.—14.

ed that if it ran for one year only, it was outlawed, and could not be set off against plaintiffs' demand, and that logically, the first question to be determined by them was whether the note was given for one or for five years. In answer to special questions which counsel agreed should be submitted to them, the jury found that the note was given for one year. It is therefore apparent that the jury did not determine, and they probably did not consider, whether the note had been paid. Having found that it was given for one year, the rule given them in the charge required them to return the verdict they did return. If they were correctly instructed, and if no prejudicial ruling affecting the testimony upon this subject was made, the judgment should not, for any error committed during the trial, be set aside.

It is complained that counsel for defendant was not allowed "to open and close the case, contrary to the rule of this court applicable thereto, and which applies to the party who has the affirmative of a question. Having the opening thereon, I demanded this privilege, but was refused, most erroneously, I think." The foregoing is the substance of the argument made upon this point. If counsel refers to Circuit Court Rule 24, subd. "c," the objection is answered by saying that the cause was begun in justice's court; and, if the rule could be applied to cases so begun, the defendant did not, by notice accompanying the plea, waive the benefit of the general issue and admit the facts alleged in plaintiffs' declaration. If there is any other applicable rule, it has escaped my attention.

It is said that the statute of limitations, not having been pleaded, cannot be invoked against defendant's alleged demand, originally evidenced by the $150 note, "unless there is one rule for the plaintiff and another for the defendant in the one case, and surely that cannot be." This is the substance of the argument upon

this point.   It is not pointed out how plaintiffs could properly have pleaded the statute of limitations as against any demand defendant might try to prove under her notice of set-off.   The general rule is, of course, that, if relied upon, the statute of limitations must be pleaded.   But it has not been applied in such way as to prevent a plaintiff from having the advantage of the statute when a demand sought to be set off by the defendant is barred by the statute.

Other criticisms of the charge upon the subject now being considered are that:

"The view is too strongly stated for the plaintiff in the charge.

"The element of the confidential relations is overlooked.

"The question should have been submitted to the jury as to whether the advances proven to Richard Kincade were on family account or not."

These must be interpreted by the theory of and testimony for defendant.   Defendant introduced testimony tending to prove that at various times—some of them within six years before this suit was begun—she let plaintiff Richard Kincade have money and goods on credit.   Defendant's counsel contended, and contends, that if the real facts could be elucidated, it would appear that, although the note in suit is made payable to both of the plaintiffs, who are husband and wife, the money for which it was given belonged to plaintiff Richard; that the money and goods furnished by defendant to Richard were really furnished on family account to the knowledge of plaintiff Mary; that there was a sort of mutual account between the parties; and that matters of indebtedness and cross-indebtedness were never balanced and liquidated.   But there is no testimony from which a jury could be permitted to reach any such conclusions, whatever the legal effect of such conclusions might be held to be.   Stripped of

immaterial things, the defendant's contention is this: She lent the plaintiffs money, for which they gave her a note due in five years. She destroyed the note at their solicitation, or at the solicitation of Richard, and accepted in lieu thereof the parol promise that at some time, if she lived, they would pay the demand. Afterwards, at various times, she furnished to plaintiff Richard money and goods as above related. Ten years after her note was given, she never having demanded pay of her loan from plaintiffs, or either of them, defendant borrowed of them $200, and gave the note in suit. Neither the alleged promise to pay the demand evidenced by the destroyed note, nor the maturity of that note, whether it was given for one or for five years, was within six years of the time when this suit was begun. Having borrowed money which plaintiffs jointly furnished, and given her note payable to them jointly, it is not perceived how defendant can be allowed to show that as against his creditors the money really belonged to Richard alone. Beyond this, the undisputed testimony is that the money was a part of the proceeds of a sale of land owned by plaintiffs jointly. In any view of the case, defendant's alleged demand against both plaintiffs appears to be barred by the statute of limitations; and, in my opinion, the court should have told the jury that defendant had produced no testimony tending to prove the existence of a demand against the plaintiffs accruing within six years before the suit was begun.

Assuming that the question whether the note originally given by plaintiffs to defendant was given for one or for five years was a question for the jury, the record does not disclose any ruling affecting that question prejudicial to appellant, nor any instruction to the jury which was wrong. The testimony upon that point was produced and admitted.

If, then, there was not a mistrial resulting from the

refusal of the request of defendant to examine the jury, the judgment must be treated as the fair result of the trial. The trial judge said, in denying a new trial, that at about 11:30 a. m. the parties to the suit, the attorney for plaintiffs, and some, if not all, of the witnesses entered the courtroom; the cause having been assigned to him for trial. At the same time the general panel of jurors not on duty came into the courtroom. All was in readiness for the trial, except that defendant's attorney was absent. The judge was advised by the judge's clerk that Mr. Pound had been in attendance earlier in the morning, and had been informed that the trial "might momentarily be reached, and had deputized a representative to receive notice when an opening for the trial was obtained, to whom he, the clerk, had given notice that the trial would forthwith proceed in my division." The court waited at least 20 minutes; then learned who it was who had been delegated by Mr. Pound to apprise him of the assignment of the case for trial. This person was interviewed by the judge, and at once went to Mr. Pound's office, returned, and said Mr. Pound was not in his office, and that he did not know and could not find out his whereabouts. This delay consumed time, and a further delay was had. Finally, after a half hour's delay, a jury was called, plaintiffs permitted to make their *prima facie* case, and the court adjourned. What occurred in the afternoon has been briefly stated. The right to a trial by jury in civil actions is a right which of necessity must be exercised in conformity with and with reference to the rules and the business of the court in which the trial is to take place. Counsel for a defendant not on hand when the cause is called for trial may be admitted, by grace, to enter the trial at any stage before it is concluded. But it is a preposterous notion that, whether the default

is intentional, or unintentional, counsel for defendant may appear after the trial of a cause is regularly begun and make a new beginning of the trial. Any supposed prejudicial consequences of an unintentional default must be presented, after verdict, to the trial court upon a motion for a new trial. There is, in the case at bar, no evidence and no intimation of any prejudice arising from the fact that defendant's counsel did not take part in securing a jury.

The affidavits filed in support of the motion for a new trial show, some of them, that cumulative testimony upon the subject of when defendant's note was due, whether in one year or in five years, may be produced upon a new trial, but there is no showing of diligent, or of any, effort to bring it in upon this trial.

No reversible error is made out, and the judgment is therefore affirmed, with costs to appellee.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.